UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:15-00055 |
| ) | CHIEF JUDGE KEVIN H. SHARP |
| SCOTT LUMLEY ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, Scott Lumley, respectfully represent to the Court as follows:

(1) My true full name is Scott Lumley. I was born on January 26, 1968, am 47 years old and completed 12 years of formal education.

(2) My lawyers are James Todd and Paul Bruno.

(3) I have received a copy of the Information before being called upon to plead and have read and discussed it with my lawyers, and believe and feel that I understand every accusation made against me in the Information.

(4) I have had sufficient opportunity to discuss with my lawyers the facts and surrounding circumstances concerning the matters mentioned in the Information. My lawyers have counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyers have explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalties for the offenses with which I am charged are as follows:

Count 1. Wire Fraud
Possible Sentence: Not more than 20 years imprisonment
Possible Fine: Up to $250,000.00
Possible Term of Probation: Up to 5 years
Possible Term of Supervised Release: Up to 3 years
Special Assessment: $100.00

Count 2. Money Laundering
Possible Sentence: Not more than 10 years imprisonment
Possible Fine: Up to $250,000.00
Possible Term of Probation: Up to 5 years
Possible Term of Supervised Release: Up to 3 years
Special Assessment: $100.00

(6) I have been advised that I will be sentenced to a sentence sufficient, but not greater than necessary, to satisfy the goals of sentencing specified in 18 U.S.C. §3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyers and I have discussed the calculation of the Guidelines in my case. My lawyers have given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyers' estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that, under 18 U.S.C. §3561(a), I am not eligible for a sentence of probation if I receive any sentence of imprisonment at the same time on this offense or any other offense, or am convicted of a Class A or Class B felony, or the offense is one for which probation is expressly prohibited. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law, that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release, whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of

1988. I understand that this list may not include all of the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial, I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead guilty just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me, subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyers and the prosecution concerning my plea, they are fully set forth in paragraph (13) below. I understand that even with a plea agreement, no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C), I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B), I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau or Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyers have done all the investigation and research in this case that I have asked them to do, and have reviewed with me the discovery material provided by the Government. I am satisfied with their representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

        I agree to plead guilty to the Information.

(13) This plea is a result of a plea agreement between my lawyers and the prosecution under the provisions of Rule 11 of the *Federal Rules of Criminal Procedure*. The plea agreement is as follows:
        Please see attached plea agreement.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also, my lawyers have explained to me, and I feel and believe I understand this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyers, this the 9th day of June, 2015.

_____
Scott Lumley, Defendant


## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment and plea petition are accurately stated above.

_____
William F. Abely, Attorney for the Government

## CERTIFICATE OF COUNSEL

The undersigned, as attorneys and counselors for Scott Lumley, hereby certify as follows:

(1) We have read and fully explained to Scott Lumley all of the accusations against him in this case;

(2) To the best of our knowledge and belief, each statement set forth in the foregoing petition is accurate and true;

(3) In our opinion, the plea of "GUILTY" as offered by Scott Lumley, in paragraph (12) of the foregoing petition, is voluntarily and understandingly made, and we recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by us in open court in the presence of Scott Lumley, this 9th day of June, 2015.

James Todd
Attorney for Scott Lumley

*Paul Bruno* (signature)
Paul Bruno
Attorney for Scott Lumley

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:15-00055 |
| | ) | CHIEF JUDGE KEVIN H. SHARP |
| SCOTT LUMLEY | ) | |

## O R D E R

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is **ORDERED** that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this 9th day of June, 2015.

CHIEF JUDGE KEVIN H. SHARP
CHIEF UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | No. 3:15-cr-00055 |
| v. ) | Chief Judge Sharp |
| ) | |
| SCOTT LUMLEY ) | |

## PLEA AGREEMENT

The United States of America, through David Rivera, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney William F. Abely, and defendant, Scott Lumley, through defendant's counsel, James Todd and Paul Bruno, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that he has been charged in the information in this case with wire fraud and money laundering in violation of Title 18, United States Code, Sections 1343 and 1957.

2. Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Two of the information, charging wire fraud and money laundering.

## Penalties

4. The parties understand and agree that the offenses to which defendant will enter a plea of guilty carry the following maximum penalties: as to wire fraud, 20 years of imprisonment, a fine of up to $250,000, a term of probation of up to five years, and a term of supervised release of up to three years; as to money laundering, 10 years of imprisonment, a fine of up to $250,000, a term of probation of up to five years, and a term of supervised release of up to three years.

5. Defendant further understands that the Court must order restitution to the victim(s) of the offense in an amount determined by the Court. Defendant also understands that a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future, regardless of whether the defendant currently has lawful temporary or permanent resident status.

## Acknowledgements and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

6. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:15-cr-00055.

7. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   a. If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

2

b. If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; and that it must consider each count of the information against defendant separately.

c. If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilty beyond a reasonable doubt.

d. At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

8. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

3

## Factual Basis

9. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Two of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt

    a. Defendant owned and operated Bluebuyyou, a company based in Madison, Tennessee that sold and distributed wholesale products.

    b. In July 2010, Defendant, on behalf of Bluebuyyou, sold a large quantity of Red Bull energy drink to a Tennessee-based company ("the Customer") in exchange for approximately $176,000.

    c. Defendant represented to the Customer that Bluebuyyou possessed the Red Bull it had sold, and represented that the Red Bull was at the time stored in a warehouse. In fact, however, Bluebuyyou did not possess a sufficient quantity of Red Bull to satisfy the sale to the Customer, and subsequently was unable to procure a sufficient quantity of Red Bull.

    d. Defendant misrepresented that Bluebuyyou had shipped Red Bull to a location in Houston, Texas specified by the Customer, whereas in fact Bluebuyyou had not shipped any Red Bull.

    e. Defendant provided the Customer with forged bills of lading to support his misrepresentations that Bluebuyyou had shipped Red Bull to the specified location in Houston, Texas.

    f. Defendant made these representations to postpone the Customer's complaints and to provide defendant time to procure the promised Red Bull. As a result of these representations, the Customer was defrauded.

4

g. A Bluebuyyou employee pretended to be a trucking dispatcher involved in the shipment of Red Bull and falsely reported to the Customer that Red Bull had been shipped to Houston, Texas.

h. Defendant caused the use of interstate wires in furtherance of the above-described scheme, including an email sent by defendant to an employee of the Customer on August 18, 2010.

i. Defendant wrote a check in the amount of $41,000 using funds paid to Bluebuyyou from the Customer, while knowing that these funds were derived from the above-described scheme.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

### Sentencing Guidelines Calculations

10. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2014.

11. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree, pursuant to Rule 11(c)(1)(C), to the following:

5

a. **Offense Level Calculations.**

   i. That the offense level for the first count of conviction is 17 pursuant to U.S.S.G. § 2B1.1, given the base offense level of 7 and the addition of 10 levels to account for loss of more than $120,000 but less than $200,000.

   ii. That the base offense level for the second count of conviction is 17, pursuant to U.S.S.G. § 2S1.1, as this is the offense level for the underlying offense from which the laundered funds were derived.

   iii. That the defendant will be convicted under Title 18, United States Code, Section 1957 results in an increase to the offense level of 1, pursuant to U.S.S.G. § 2S1.1(b)(2)(A).

   iv. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

   v. The parties agree to recommend that no additional upward or downward adjustments, or U.S.S.G.-based departures, are appropriate.

b. **Recommended Offense Level**: Therefore, the parties agree to recommend to the Court a final offense level of **15** (the "Recommended Offense Level"). Defendant understands

6

that the offense level as ultimately determined by the Court (the "court-determined offense level)" may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

### Agreements Relating to Sentencing

12. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall consist of a term of probation of five years. If the Court accepts and imposes the agreed term of probation set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of probation, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

13. Regarding restitution, the parties acknowledge that the amount of restitution owed to victim(s) is $176,870.49, and that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make restitution in this amount, minus any credit for funds repaid prior to sentencing. Defendant agrees to pay full restitution prior to the sentencing hearing in this matter. Defendant agrees to direct this payment as recommended by the U.S. Probation Office in its Presentence Investigation Report.

14. Defendant agrees to pay the special assessment of $200 at or before the time of sentencing to the Clerk of the U.S. District Court.

7

## Presentence Investigation Report/Post-Sentence Supervision

15. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

16. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

17. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

18. Defendant understands that nothing in this Plea Agreement shall limit the Internal Revenue Service (IRS) in its collection of any taxes, interest, or penalties from defendant.

### Entry of Guilty Plea

19. The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

### Waiver of Appellate Rights

20. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category as determined by the Court. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence: (i) within or above the guideline range associated with the Recommended Offense Level when combined with defendant's criminal

history category; or (ii) below such guideline range if the government has moved for a downward departure pursuant to U.S.S.G. §5K1.1.

### Other Terms

21. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

22. Defendant agrees to cooperate with the IRS in any tax examination or audit of defendant that directly or indirectly relates to or arises out of the course of conduct defendant has acknowledged in this Plea Agreement, by transmitting to the IRS original records or copies thereof, and any additional books and records that the IRS may request. Nothing in this paragraph precludes defendant from asserting any legal or factual defense to taxes, interest, and penalties that may be assessed by the IRS.

23. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

### Conclusion

24. Defendant understands that the information and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

25. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates

this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement

26. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

27. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

28. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending information. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 6/9/15

_____
Scott Lumley
Defendant

11

29.  <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending information. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: _____  
_____  
James Todd  
Attorney for Defendant

Date: 6/9/15  
*/s/ Paul Bruno*  
Paul Bruno  
Attorney for Defendant

Respectfully submitted,

DAVID RIVERA  
United States Attorney

By: */s/ William F. Abely*  
William F. Abely  
Assistant U.S. Attorney

_____  
John K. Webb  
Deputy Criminal Chief

12