# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:15-00055 |
| | ) | |
| SCOTT LUMLEY | ) | |

## MOTION FOR EARLY TERMINATION OF PROBATION

Comes now Scott Lumley, by and through counsel of record, Paul Bruno, and hereby moves this Honorable Court to terminate his probation. Mr. Lumley is in compliance with the terms of probation, and he has demonstrated his ability to follow the law.

In July, 2010, Scott Lumley, on behalf of his business, Bluebuyyou, sold a specified quantity of Red Bull energy drinks to a company based in Tennessee in exchange for payment of approximately $176,000.00. Mr. Lumley's business received the payment for the Red Bull energy drinks. However, the Red Bull energy drinks were never shipped to the Tennessee-based company. On April 14, 2015, an Information was filed alleging violations of the federal wire fraud and money laundering statutes. On June 9, 2015, Mr. Lumley pled guilty to wire fraud and money laundering.

On September 18, 2015, Mr. Lumley was sentenced to five (5) years probation and was ordered to pay $176,870.40 in restitution, a $35,000.00 fine, and a $200.00 special assessment. Three days later, on September 21, 2015, Mr. Lumley paid $176,870.40 in restitution, the $35,000.00 fine, and the $200.00 special assessment.

1

Less than three months after being on probation, on December 8, 2015, the U.S. Probation Office notified Mr. Lumley that he had already met the criteria for placement in this district's compliant caseload, effective December 8, 2015. The U.S. Probation office informed Mr. Lumley, "The criteria for placement in this caseload is strict, and you should be proud of this accomplishment." No petitions to violate Mr. Lumley's probation have been filed in this case.

18 United States Code §3564(c) provides the standard for the Court's determination as to whether to terminate a defendant's probation early. The statutes states as follows:

> **(c) Early termination.**--The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 United States Code §3553(a) states as follows:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;
> **(C)** to protect the public from further crimes of the defendant; and
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--

> **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>> **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>> **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>
> **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> **(5)** any pertinent policy statement--
>> **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>> **(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.[1]
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> **(7)** the need to provide restitution to any victims of the offense.

This case involves one business transaction that occurred in July and August, 2010. Within three days of sentencing, restitution was paid in this case. Less than three months into the probation, Mr. Lumley was transferred to the district's compliant caseload.

Mr. Lumley has not been in the business related to the transaction in this case for a number of years. In fact, Mr. Lumley has built a very successful real estate development/construction company based in Hendersonville, Tennessee. His current

3

business does not conduct transactions like the one which is the subject of this case. Mr. Lumley is married and has three children.

Mr. Lumley is remorseful for what occurred nearly seven years ago that resulted in his guilty plea and being placed on probation. Although his current business has been able to grow with some difficulty from time to time since he has been on probation, Mr. Lumley desires to have his probation terminated at this time so that he can further put this situation behind him and so that he can run his business without being on probation, a stigma that sometimes impedes his ability to move forward with his business.

Mr. Lumley has fulfilled his financial obligations related to probation. He reports via mail each month pursuant to the rules of the district's compliant caseload. Mr. Lumley is not likely to reoffend as he no longer has the financial difficulties he had when the offenses occurred.

Mr. Lumley has demonstrated that he has been rehabilitated and that there is no longer a need for him to continue to be supervised on probation. The early termination of Mr. Lumley's probation is warranted by his conduct and the interest of justice. Mr. Lumley, therefore, moves the Court to terminate his probation.

Respectfully submitted,

s/ *Paul Bruno*
Paul Bruno, B.P.R. #17275
Attorney for Scott Lumley
BRUNO|NEWSOM PLLC
40 Music Square East
Nashville, Tennessee 37203
(615) 251-9500
paul@brunonewsom.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing *Motion For Early Termination of Probation* has been electronically delivered to the United States Attorney's Office for the Middle District of Tennessee, 110 Ninth Avenue, South, Suite A961, Nashville, TN 37203-3870, on the 3rd day of May, 2017.

s/ *Paul Bruno*
Paul Bruno
