IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | No. 3:15-cr-00055 |
| SCOTT LUMLEY, ) | Judge Trauger |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant Scott Lumley has filed a motion for early termination of supervised release. (DE# 25.) Lumley has only completed 22 months of his 60-month term of supervised release. The government has recently received a report that Mr. Lumley is currently engaged in fraudulent activity. The government is currently investigating this allegation and believes that a termination of supervised release is inappropriate at this time. The government therefore submits that Lumley's motion should be denied without prejudice to renewal in 24 months.

**BACKGROUND**

On April 14, 2015, Lumley was charged by information with wire fraud, in violation of 18 U.S.C. § 1343, and money laundering, in violation of 18 U.S.C. § 1957 for collecting $176,000 in July 2010 and failing to provide the promised shipment of Red Bull. (DE# 1, Information.) On June 9, 2015, Lumley pleaded guilty pursuant to a plea agreement. (DE# 13, Plea Agreement.) On September 18, 2015, Judge Kevin Sharp sentenced Lumley to five years' probation, $176,870.40 in restitution, a $35,000 fine, and a $200 special assessment. On May 3, 2017, after serving only 22 months of his 60-month term, Lumley filed a motion for early termination of his supervised release. (DE# 25) This response follows.

1

## DISCUSSION

Lumley has moved for early termination under 18 U.S.C. § 3583(e)(1). Pursuant to that statute, "A court 'may' terminate a term of supervised release at any time after the expiration of one year of supervised release, if the action is warranted by the conduct of the defendant and is in the interests of justice." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). "The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *United States v. Suber*, 75 F. App'x 442, 444 (6th Cir. 2003). Generally, "[e]arly termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *Atkin*, 38 F. App'x at 198.

With regard to his conduct, Lumley notes that he has complied with the terms of his supervised release, insofar as he has been placed on the compliant caseload and "no petitions to violate Mr. Lumley's probation have been filed in this case." (DE# 25 at PageID #: 2). But "courts have generally found that the conduct of the defendant necessary to support early termination [of probation] should include more than simply following the rules; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have tended to grant such requests only in cases involving new or unforeseen circumstances, which may include exceptionally good behavior." *United States v. Khan*, 2014 WL 5334653, at *1 (E.D. Wis. Oct. 20, 2014); *see also United States v. Simon*, 2012 WL 4842249, at *1 (S.D.N.Y. Oct. 10, 2012) ("Early termination is warranted only occasionally, when changed circumstances—for instance, exceptionally good behavior by the defendant[—]will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment

goals of section 3553(a)."   (internal quotations and alterations omitted)); *United States v. Caruso*, 241 F. Supp. 2d 466, 468 (D.N.J. 2003) ("[T]here is general agreement that the early termination of probation is a decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior.").

This standard is consistent with the test that the Sixth Circuit has set forth for early termination of supervised release, which is governed by a similarly worded statute, 18 U.S.C. § 3583(e)(1).  *See United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) ("Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior."); *United States v. Hilton*, 2014 WL 3728176, at *2 (N.D. Cal. July 28, 2014) (applying the standards for early termination of supervised release to a motion for early termination of probation).

Applying this standard, Lumley has not demonstrated the changed circumstances that warrant early termination of his probation.  In September 2015, the district court weighed the 18 U.S.C. § 3553(a) factors and determined that a sentence of five years' probation was appropriate for Lumley.  It does not appear that any of those factors have changed in the past year and a half such that the sentence imposed should now be considered too harsh.  Had the district court believed that twenty-two months of probation was sufficient, it could have imposed that sentence in September 2015.  Moreover, the government is currently investigating an allegation that the defendant is engaging in illegal conduct that is nearly identical to the conduct that led to Mr. Lumley's federal conviction.  If true, such conduct illustrates the importance of keeping Mr. Lumley on supervised release.  These allegations of misconduct have been reported to the U.S.

Probation Office for additional response. Accordingly, the government respectfully submits that the Court should deny Lumley's motion without prejudice to renewal in 24 months.

>
> Respectfully submitted,
>
> JACK SMITH
> Acting United States Attorney for the
> Middle District of Tennessee
>
> BY: */s/ Siji Moore*
> SIJI MOORE
> Assistant United States Attorney
> 110 Ninth Avenue South
> Suite A-961
> Nashville, Tennessee 37203-3870
> Telephone: (615) 736-2127

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2017, I sent a copy of the foregoing via the Court's electronic filing system to counsel for Scott Lumley:

Paul Bruno, B.P.R. #17275
Attorney for Scott Lumley
BRUNO|NEWSOM PLLC
40 Music Square East
Nashville, Tennessee 37203
(615) 251-9500
paul@brunonewsom.com

> *s/ Siji Moore*
> SIJI MOORE